UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>                Plaintiff,<br>    v.<br><br>ROSIE ALVARADO, et al.,<br><br>                Defendants.<br>_____/ | No. C 11-6153 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On December 7, 2011, Defendant Rosie Alvarado removed this unlawful detainer action from Contra Costa County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant to show cause why this case should not be remanded to the Contra Costa County Superior Court. The Court ordered Defendant to file a declaration by December 27, 2011. Dkt. No. 4. Although Defendant filed a response, she fails to establish how the Court has jurisdiction over this unlawful detainer action. Dkt. No. 6. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has not consented to magistrate jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to Contra Costa County Superior Court. The January 12, 2012 order to show cause hearing is VACATED.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

1  where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction
2  over civil actions where the suit is between citizens of different states and the amount in controversy,
3  exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal
4  jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute
5  against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal
6  citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the
7  right of removal in the first instance." *Id*. at 566. Further, a district court must remand the case to
8  state court if it appears at any time before final judgment that the district court lacks subject matter
9  jurisdiction. 28 U.S.C. § 1447(c). The Ninth Circuit strictly construes the removal statute against
10  removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of
11  removal in the first instance. *Gaus*, 980 F.2d at 566. Moreover, the burden of overcoming the
12  "strong presumption" against removal is always on the defendant. *Id.*

13  Here, the face of the complaint, which asserts only one state law claim for unlawful detainer,
14  does not provide any ground for removal. An unlawful detainer action, on its face, does not arise
15  under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL
16  2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2
17  (C.D. Cal. Nov. 22, 2010). Further, even if Defendant were to allege diversity jurisdiction, Plaintiff
18  brought this action in California, as the property at issue is located in the state. Where diversity is
19  cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the
20  state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28
21  U.S.C. § 1441(b). Moreover, the amount in controversy requirement does not appear to be met
22  because Plaintiff's damages claim is under $10,000. Under 28 U.S.C. § 1332(a), a district court has
23  original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and
24  costs, exceeds $75,000. Thus, as jurisdiction appears to be lacking, the Court finds that Defendant
25  has failed to meet her burden of demonstrating grounds for jurisdiction over Plaintiff's single claim
26  for unlawful detainer brought pursuant to California law. Accordingly, the undersigned finds that
27  this case should be remanded.
28

2

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: December 30, 2011

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

US BANK NATIONAL ASSOCIATION,

                Plaintiff,

  v.

ROSIE ALVARADO, et al.,

                Defendants.
                                       /

Case Number: CV11-6153 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rosie Alvarado
4421 Pampas Circle
Antioch, CA 94531


Dated: December 30, 2011

                                      Richard W. Wieking, Clerk
                                      By: Brenda Tolbert, Deputy Clerk